# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AIMEE E. MEREDITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.: _____** |
| ) | |
| **MASTEC, INC. and MASTEC** ) | |
| **NETWORK SOLUTIONS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

1.      Plaintiff, Aimee E. Meredith, brings this action against Defendants, MasTec, Inc. ("MTI") and MasTec Network Solutions, L.L.C. ("MTNS") (collectively "MasTec"), for discrimination and retaliation in violation of The Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 through 12213 ("ADA"), and Section 504 of the Rehabilitation Act (Section "504"), 29 U.S.C. § 794.

## PARTIES

2.      Plaintiff is a female citizen of the United States and a resident of Huntsville, Madison County, Alabama 35810.

1

3. MTI is a Florida corporation, with its principal place of business located at 800 South Douglas Road, 12th Floor, Coral Gables, Florida 33134. MasTec operated, and continues to operate, within the Northern District of Alabama, particularly Shelby County, Alabama, at all times relevant to this Complaint.

4. MasTec Network Solutions, L.L.C., is a Florida limited liability company with its principal place of business located at 800 South Douglas Road, 12th Floor, Coral Gables, Florida 33134. MTNS operated, and continues to operate, within the Northern District of Alabama, particularly Shelby County, Alabama, at all times relevant to this Complaint. MTNS is a wholly owned subsidiary of MTI.

5. MTI and MTNS were "employers," as that term is defined pursuant to 42 U.S.C. § 1211(5), at all times relevant to this action.

6. MTI and MTNS were Plaintiff's employers or co-employers at all times relevant to this action.

## JURISDICTION

7. This Court has jurisdiction in accordance with 28 U.S.C. §§ 1331, 1343, 2201, 2202, and 42 U.S.C. § 12133.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

9. Plaintiff diligently sought to fulfill all conditions precedent to the institution of this action under 42 U.S.C § 12117. Section 504 does not require the exhaustion of administrative remedies.

10. The unlawful employment practices alleged herein occurred within the Northern District of Alabama, Southern Division.

## ADMINISTRATIVE PROCEEDINGS

11. Plaintiff timely filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty days of the occurrence of the last discriminatory act by MasTec. A copy of Plaintiff's EEOC charge is attached as Exhibit "1".

12. The EEOC issued a determination in Plaintiff's favor on or about July 24, 2018, and invited MasTec to participate in conciliation.

13. MasTec declined to participate in conciliation, and on or about August 30, 2018, the EEOC issued Plaintiff a Notice of Right to Sue ("RTS"). A copy of Plaintiff's RTS letter is attached as Exhibit "2."

14. Plaintiff files this Complaint within ninety days of receiving her RTS letter.

## FACTUAL ALLEGATIONS

15. MasTec hired Plaintiff on December 7, 2015, as a "Project Coordinator" for MTNS.

16. Plaintiff worked at MasTec's office located in Pelham, Alabama, and her direct supervisor was Tamara Hampton ("Hampton").

17.    Plaintiff is and was a person with a disability, as that term is defined in the ADA, at all times relevant to this action. Specifically, Plaintiff was diagnosed with Post Traumatic Stress Disorder ("PTSD"), major depressive disorder, alcohol dependency, and suffered other complications, associated with the October 31, 2015, death of her son.

18.    On or about March, 2016, Plaintiff informed Hampton about her disability and medical issues, including Plaintiff's plan to enroll in an inpatient treatment program.

19.    Despite Plaintiff's disability, she was, and is able, to perform all essential functions of her former position at MasTec with, or without, reasonable accommodations.

20.    Plaintiff's disability caused her to suffer physical and mental impairments of major life activities, including, but not limited to, proper major bodily function, depression, sleep problems, thinking problems, communication problems, social problems and anxiety, proper diet, and proper regulation of emotion and thought.

21.    On April 14, 2016, Plaintiff was hospitalized, and her doctor advised that she be off work for thirty days.

22.    Plaintiff further discussed her medical issues with Hampton and requested a thirty-day medical leave of absence on April 14, 2016.

23.     Plaintiff requested a thirty-day medical leave of absence through MasTec's Human Resources department, as she was not eligible for leave pursuant to the Family and Medical Leave Act ("FMLA").

24.     Plaintiff provided MasTec documentation regarding her disability, including records from her physician. Particularly, on April 14, 2016, Plaintiff provided to Valerie DeViva, Benefits Coordinator for MasTec, with her medical documents and leave request.

25.     MasTec's Senior Human Resources Director, Sharlayne Prevost ("Prevost") approved Plaintiff's request for medical leave until May 13, 2016,

26.     On April 18, 2016, Plaintiff received a letter from her employer-sponsored health insurance carrier, stating that she was approved for short-term disability benefits.

27.     On May 6, 2016, Plaintiff received a letter of termination for "job abandonment."

28.     Plaintiff did not abandon her job.

29.     Plaintiff was never contacted by Hampton, Prevost, or any other MasTec employee, to discuss any alleged concerns regarding the status of her medical leave of absence.

30.     MasTec failed to provide Plaintiff with reasonable accommodations for her disability. Particularly, MasTec terminated Plaintiff's employment before the

conclusion of her approved medical leave of absence and/or to otherwise offer her alternative accommodations.

31.     Plaintiff's medical leave of absence was not an undue hardship on MasTec.

32.     MasTec applied and/or failed to properly follow its policies and procedures in regard to Plaintiff's employment compared to non-disabled employees in similar positions.

33.     MasTec retaliated against Plaintiff and terminated her employment because of her disability actual or perceived.

34.     MasTec's proffered reason for terminating Plaintiff was an artifice to conceal its disability discrimination against Plaintiff.

35.     MasTec intentionally, with malice or reckless indifference, and deliberate disregard, discriminated against Plaintiff on the basis of her disability as to the terms, conditions, and privileges of her employment.

36.     As a result of MasTec's unlawful discrimination, Plaintiff suffered extreme harm, including, but not limited to, loss of employment, denial of wages, compensation, and other benefits and conditions of employment.

37.     Plaintiff further suffered injury, including, but not limited to, humiliation, mental anguish, and loss of enjoyment of life as a result of MasTec's unlawful discrimination.

## COUNT I
*Disability Discrimination and Retaliation*
*(Americans With Disabilities Act)*

38.     Plaintiff's disability discrimination claims against MasTec arise from the circumstances and conduct alleged *supra*, Paragraphs 15 through 38.

39.     MasTec intentionally discriminated and retaliated against Plaintiff and has limited, segregated, and classified Plaintiff in a way which adversely affects her opportunities and status because of her disability.

40.     MasTec imposed rules and standards against Plaintiff that were not consistent with any legitimate business necessity. These rules as applied had the effect of discriminating against Plaintiff on the basis of her disability and perpetuating the discrimination of others employed by MasTec.

41.     Plaintiff sought reasonable accommodations, including, but not limited to, an approved, thirty-day medical leave of absence.

42.     Accommodating Plaintiff would not have caused undue hardship to MasTec.

43.     MasTec coerced, interfered with, and retaliated against Plaintiff because of her disability.

44.     Plaintiff engaged in statutorily protected activity by, inter alia, by requesting and utilizing reasonable accommodations during her employment.

45. MasTec, by its actions, has intentionally, maliciously and with reckless indifference discriminated, coerced, interfered with and retaliated against Plaintiff because of her disability with regard to her employment, opportunities for advancement, and other benefits of employment.

46. As a result of MasTec's actions, Plaintiff suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment.

47. Plaintiff further suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life and other compensatory damages, in an amount to be determined by the Court.

48. Plaintiff also seeks punitive damages against MasTec for its willful and intentional violation of the law in such an amount which will punish it and deter others.

## COUNT II
*Discrimination and Retaliation*
*Section 504 Rehabilitation Act*

49. Plaintiff's disability discrimination claims against MasTec arise from the circumstances and conduct alleged *supra*, Paragraphs 15 through 38.

50. MasTec is an employer to which Section 504 of the Rehabilitation Act applies as MTI and/or MTNS engages in activities and/or programs receiving federal financial assistance. Particularly, contracts with the Department of Defense and

Department of Interior, for minority owned businesses, Hispanic American owned businesses, and/or other applicable federal programs.

51.     MasTec intentionally discriminated and retaliated against Plaintiff and has limited, segregated, and classified Plaintiff in a way which adversely affects her opportunities and status because of her disability.

52.     MasTec imposed rules and standards against Plaintiff that were not consistent with any legitimate business necessity. These rules as applied had the effect of discriminating against Plaintiff on the basis of her disability and perpetuating the discrimination of others employed by MasTec.

53.     Plaintiff sought reasonable accommodations, including, but not limited to, an approved, thirty-day medical leave of absence.

54.     Accommodating Plaintiff would not have caused undue hardship to MasTec, and MasTec neither provided nor offered any other reasonable accommodations.

55.     MasTec coerced, interfered with, and retaliated against Plaintiff because of her disability.

56.     Plaintiff engaged in statutorily protected activity by, inter alia, by requesting and utilizing reasonable accommodations during her employment.

57.     MasTec, by its actions, has intentionally, maliciously and with reckless indifference discriminated, coerced, interfered with and retaliated against Plaintiff

because of her disability with regard to her employment, opportunities for advancement, and other benefits of employment.

58.   As a result of MasTec's actions, Plaintiff suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment.

59.   Plaintiff further suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life and other compensatory damages, in an amount to be determined by the Court.

60.   Plaintiff also seeks punitive damages against MasTec for its willful and intentional violation of the law in such an amount which will punish it and deter others.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial grant the following relief:

(A)   issue a declaratory judgment that MasTec's employment policies, practices, procedures, conditions and customs, including the action taken against Plaintiff, violated Plaintiff's rights as secured by the ADA and the Rehabilitation Act;

(B)   grant Plaintiff re-instatement to her former position, or a substantially equivalent position;

(C) issue a permanent injunction enjoining MasTec, its agents, successors, employees, attorneys, and those acting in concert with MasTec, from continuing to violate Plaintiff's rights as well as those who are similarly situated and protected under the ADA and the Rehabilitation Act;

(D) award Plaintiff damages including back pay, front pay, benefits, nominal, compensatory, and punitive damages;

(E) award Plaintiff reasonable costs, attorneys' fees, and expenses; and

(F) award such other relief and benefits as the cause of justice may require.

Respectfully submitted this the 28th day of November, 2018.

/s/ Philip M. DeFatta
Rebekah Keith McKinney (ASB-3137-T64J)
Philip M. DeFatta (ASB-9307-R7F)
*Attorneys for Plaintiff*
Watson McKinney, LLP
200 Clinton Avenue, West, Suite 110
Huntsville, Alabama 35801
(256) 536-7423 telephone
(256) 536-2689 fax
mckinney@watsonmckinney.com
defatta@watsonmckinney.com

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL:**

MasTec, Inc.
c/o Virginia Pagliery, Esq.
800 Douglas Road
Penthouse
Coral Gables, FL  33134

MasTec Network Solutions, LLC
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL  36104